Argued and submitted March 19,
reversed and remanded for trial April 21, 1980

STATE OF OREGON,
*Appellant,*

*v.*

GWENDOLYN RAWLS,
*Respondent.*

(No. DA 166217-7903, CA 16077)

609 P2d 919

Jan P. Londahl, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Craig Colby, Portland, argued the cause and filed the brief for respondent.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

[1023]

JOSEPH, P.J.

**JOSEPH, P.J.**

Pursuant to ORS 138.060(1) the state appeals an order of dismissal after a finding that defendant was denied her right to a speedy trial. We reverse and remand for trial.

Defendant was arrested for prostitution on March 14, 1979, and a complaint was issued the following day. On March 16, the case was continued until March 23; it was later continued to May 21, 1979, for a pre-trial conference. Trial was set for August 10, 1979. On that date defendant failed to appear for trial, and a bench warrant was issued. On September 7, 1979, defendant was arrested on outstanding warrants from Lane and Multnomah Counties. She was transported to Eugene on or about September 14, and on September 17 she was arraigned on the Lane County charge. She pled not guilty.

On September 21 an order was signed for her transfer to Multnomah County for trial on the present charge, which was then set for September 24, 1979. She was not transported at that time, and on the state's motion a continuance was granted. On September 28 defendant moved to dismiss for denial of her right to a speedy trial. On October 2 she pled guilty to a charge of prostitution in Lane County and was given credit for time served; no further sentence was imposed. On October 9 she was transferred to Multnomah County for trial, which was set for October 23. She was in custody from September 7 until the date of the hearing on the motion to dismiss, which was held on October 23, the date set for the trial. The trial court and the parties assumed that the period from defendant's initial arrest in March to her subsequent arrest on the bench warrant on September 7 was not to be weighed in considering whether defendant had been denied a speedy trial. The parties agree that either September 7 or September 10 is the relevant starting point for determining the question.

[1025]

The issue is whether a period of six weeks and four days of delay, with incarceration, is sufficient by itself to support a claim of violation of the Sixth Amendment's speedy trial guarantee. We are not aware of any case in which that short a period of time has been held to be a denial of a speedy trial. Defendant points out that her period of incarceration exceeded the likely sentence that she would have received on a conviction on the underlying charge. While that may be true (*but see* ORS 167.007(2) and ORS 161.615), she was in jail because she failed to appear at a previous setting of her trial. She asserts no actual prejudice to her defense, and we can see no reason for holding under the tests in *Barker v. Wingo,* 407 US 514, 92 S Ct 2182, 33 L Ed 2d 101 (1972) that her Sixth Amendment right was violated.

Reversed and remanded for trial.